**UNITED STATES of America,**
**Plaintiff,**

v.

**ARNOLD, SCHWINN & CO.; Schwinn**
**Cycle Distributors Association; and the**
**B. F. Goodrich Company, Defendants.**

**No. 59 C 489.**

United States District Court
N. D. Illinois, E. D.

May 31, 1968.

See also D.C., 291 F.Supp. 567.

Ramsey Clark, Atty. Gen., Joseph Prindaville, Kenneth H. Hanson, Dept. of Justice, Edward V. Hanrahan, U. S. Atty., for plaintiff.

Robert C. Keck, Charles M. Price, Harold D. Burgess, James G. Hiering, Spray, Price, Hough & Cushman, Chicago, Ill., for defendant Arnold, Schwinn & Co.

Michael M. Lyons, Earl E. Pollock, Wayne R. Hannah, Jr., Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant Schwinn Cycle Distributors Ass'n.

### FINAL JUDGMENT

PERRY, District Justice.

Plaintiff, United States of America, filed its complaint herein on June 30, 1958 against defendants Schwinn Bicycle Company (formerly known as Arnold, Schwinn & Co.), Schwinn Cycle Distributors Association, and The B. F. Goodrich Company. The defendant The B. F. Goodrich Company consented to the entry against it of a Final Judgment on August 31, 1962, which said Final Judgment became effective on October 2, 1962. Thereafter, this cause proceeded to trial against the remaining defendants on September 10, 1962. After trial this Court entered its Findings of Fact, Conclusions of Law and Final Judgment on January 25, 1965. On appeal by plaintiff the Supreme Court reversed in part the judgment of this Court and remanded the case to this Court for the entry of a decree in accordance with its opinion.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED in accord-

ance with the mandate of the Supreme Court:

### I

This Court has jurisdiction of the subject matter hereof and of all of the parties hereto. The defendants Schwinn Bicycle Company, Schwinn Cycle Distributors Association, and certain distributors that are members of the defendant association have engaged in a combination and conspiracy in unreasonable restraint of interstate trade and commerce in Schwinn products, in violation of Section 1 of the Act of Congress of July 2, 1890, entitled "An Act to protect trade and commerce against unlawful restraints and monopolies," commonly known as the Sherman Act (15 U.S.C. § 1) as amended.

### II

As used in this Final Judgment:

(A) "Schwinn" shall mean the defendant Schwinn Bicycle Company with its factory and main office in Chicago, Illinois;

(B) "Association" shall mean the defendant Schwinn Cycle Distributors Association, an unincorporated trade association whose membership consists of The B. F. Goodrich Company and cycle distributors of Schwinn products;

(C) "Schwinn products" shall mean any bicycle, bicycle part, or accessory manufactured or sold by defendant Schwinn;

(D) "Distributor" shall mean any wholesaler or jobber who is engaged in buying Schwinn products for resale to retailers, but shall not include any subsidiary of Schwinn.

(E) "Retailer" shall mean any person who is engaged in buying Schwinn products for resale to the general public, but shall not include any subsidiary of Schwinn;

(F) "Person" shall mean any individual, partnership, firm, corporation, association, or other legal or business entity.

### III

The provisions of this Final Judgment applicable to any defendant shall apply to each such defendant and each of its officers, directors, employees, agents, representatives, and members and to each of its subsidiaries, successors, and assigns, and to all other persons in active concert or participation with any such defendant who shall have received actual notice of this Final Judgment by personal service or otherwise. The provisions of this Final Judgment shall not apply to the activities of Schwinn or the Association outside of the United States and which do not affect the domestic or foreign commerce of the United States.

### IV

(A) Defendant Schwinn is ordered and directed, not later than ninety (90) days after the date of entry of this Final Judgment, to eliminate from each and every contract or agreement to which it may then be a party, every term or provision contrary to, or inconsistent with, any provision of this Final Judgment.

(B) Defendant Association, within ninety (90) days after the entry of this Final Judgment, is ordered and directed to cancel each of its by-laws, rules, or regulations, if any, which contains any term or provision in any manner contrary to, or inconsistent with, any provision of this Final Judgment.

### V

Defendant Schwinn and the Association are each jointly and severally enjoined and restrained from, directly or indirectly, imposing, inducing, or securing any condition or any agreement or understanding that limits the freedom of any distributor or retailer of Schwinn products as to where and to whom it may resell such products, by oral or written statements or by acts of retaliation.

### VI

Notwithstanding the foregoing provisions, nothing in this Final Judgment shall prevent Schwinn from maintaining and creating or eliminating areas or territories of prime responsibility for its distributors; from choosing and selecting its distributors and retailers or designating geographic areas in which such distributors shall respectively be primar-

ily responsible for distributing Schwinn products, or from terminating such distributorships of distributors who do not adequately represent Schwinn and promote the sale of Schwinn products in areas so designated as their primary responsibility; from designating in its retailer franchise agreements the location of the place or places of business for which the franchise is issued; or from engaging in any activity rendered lawful by subsequent legislation enacted by the Congress of the United States.

### VII

(A) Defendant Schwinn is ordered and directed, within ninety (90) days after the effective date of this Final Judgment, to serve a copy of this Final Judgment upon each of its distributors and retailers, and within sixty (60) days thereafter to file with this Court an affidavit as to the fact and manner of its compliance with this subsection (A).

(B) For a period of two (2) years after the effective date of this Final Judgment, defendant Schwinn is ordered and directed to serve, within thirty (30) days of the appointment of any new distributor or retailer, upon such new distributor or retailer a conformed copy of this Final Judgment and to keep and maintain a full and complete record of each person to whom a conformed copy of this Final Judgment shall be furnished pursuant to this subsection (B).

(C) Defendant Association is ordered and directed within ninety (90) days after the effective date of this Final Judgment to serve a conformed copy of this Final Judgment upon each of its members, and within sixty (60) days thereafter to file with this court an affidavit as to the fact and manner of its compliance with this subsection (C).

(D) Defendant Association is ordered and directed to adopt by-laws, rules, or regulations incorporating Section V of this Final Judgment, or the substantive terms thereof, and to enforce same, and to require as a condition of membership or continued membership therein adherence to all of the provisions of this Final Judgment.

### VIII

For the purpose of securing compliance with this Final Judgment duly authorized representaives of the Department of Justice for a period of ninety (90) days from this date shall, upon written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and upon reasonable notice to Schwinn, the Association, or each member of the Association made to its principal office, be permitted:

(A) Access during the office hours of each to all books, ledgers, accounts, correspondence, memoranda, and other records and documents in its possession or control which relate to any matters contained in this Final Judgment;

(B) Subject to the reasonable convenience of each, and without restraint or interference from it, to interview officers or employees of each, who may have counsel present, regarding any such matters.

Upon written request of the Attorney General, or the Assistant Attorney General in charge of the Antitrust Division, each shall submit such reports in writing with respect to any matters contained in this Final Judgment as may from time to time be requested for the purpose of securing compliance with this Final Judgment.

No information obtained by the means provided in this Section VIII shall be divulged by any representative of the Department of Justice to any person other than a duly authorized representative of the Executive Branch of the plaintiff except in the course of legal proceedings to which the United States is a party for the purpose of securing compliance with this Final Judgment or as otherwise required by law.

### IX

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the con-

struction or carrying out of this Final Judgment, for the modification of any of the provisions thereof, for the enforcement of compliance therewith, and punishment of violations thereof.

## X

The making and entry of this Final Judgment supersedes as of this date the Final Judgment entered by this Court on January 25, 1965. Each party shall pay its own costs.