See also, D.C., 291 F.Supp. 564.

---

**UNITED STATES of America, Plaintiff,**

v.

**ARNOLD, SCHWINN & CO.; Schwinn Cycle Distributors Association; and the B. F. Goodrich Company, Defendants.**

**No. 59 C 489.**

United States District Court
N. D. Illinois, E. D.
May 31, 1968.

Ramsey Clark, Atty. Gen., Joseph Prindaville, Kenneth H. Hanson, Dept. of Justice, Edward V. Hanrahan, U. S. Atty., for plaintiff.

Robert C. Keck, Charles M. Price, Harold D. Burgess, James G. Hiering, Spray, Price, Hough & Cushman, Chicago, Ill., for defendant Arnold, Schwinn & Co.

Michael M. Lyons, Earl E. Pollock, Wayne R. Hannah, Jr., Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant Schwinn Cycle Distributors Assn.

### MEMORANDUM

PERRY, District Judge.

This cause is before the court pursuant to the mandate of the Supreme Court of the United States which remanded it for the entry of a decree in accordance with its opinion.

To comply with that mandate this court has reviewed the opinion of the Supreme Court (reported at 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249) and has heard argument of counsel concerning the provisions of the decree to be entered herein.

The court has also examined and considered the drafts of proposed decrees submitted by counsel for each of the parties. In most respects the drafts submitted are identical but, as might be

expected, there are differences. For example: (1) The defendants' proposed decree contains no provision for compliance investigations. (2) The Government's proposed decree does not provide that the defendants shall not, by virtue of the decree, (a) be deprived from creating, maintaining or eliminating areas or territories of prime responsibility for its distributors; (b) from selecting its distributors and retailers; (c) from designating geographic areas in which such distributors shall, respectively, be primarily responsible for distributing Schwinn products, or from terminating such distributorships of distributors who do not adequately represent Schwinn and promote the sale of Schwinn products in areas so designated as their primary responsibility; (d) from designating in its retailer franchise agreements the location of the place or places of business for which the franchise is issued; or (e) from engaging in any activity rendered lawful by subsequent legislation enacted by the Congress of the United States.

The decree as entered should contain a provision for compliance investigations and should also contain provisions as set forth in (2) supra.

There are certain semantic differences such as whether the word "certain" should be used in describing some of the defendants and whether the word "certain" and other terms, namely, "inducing," should be incorporated into the court's decree. There is disagreement about the length of time that defendants shall be required to provide copies of the decree of this court to new distributors and franchisees, the defendants proposing two years and the Government ten years.

The Government with commendable fairness has agreed that the decree provide that each party bear its own costs.

This court has considered all of these matters and is of the opinion that there should be a compliance provision but that it should be limited to a period of 90 days. This court found that the defendants had not been guilty of price-fixing as charged, that there was not substantial evidence in support of the charge, and that the facts were to the contrary. On the issue of franchising these defendants were used in a test case. The law was not clear or certain, and only since the opinion of the Supreme Court has the law been clear enough for these defendants to act with certainty. The great bulk of their activities were approved by the Supreme Court. Only a small part of their business resulted from activities now prohibited by the Supreme Court.

Upon the trial of this case the court found that defendant Schwinn had expended $400,000.00 in its defense of this case and that sum has now reached $500,-000.00. All of this cost has been brought about first, from a charge of price-fixing proved to be without basis and second, from conduct now declared to be a violation of a law which was not promulgated at the time of the acts. These defendants have never been willful violators of the law. It has been shown that they acted upon the advice of responsible counsel.

For the foregoing reason this court has reasoned that the compliance period should be 90 days and not permanently.