UNITED STATES of America, Plaintiff,

v.

ARNOLD, SCHWINN & CO., et al., Defendants.

No. 59 C 489.

United States District Court,
N. D. Illinois, E. D.

Dec. 14, 1977.

John L. Burley, Kenneth H. Hanson, W. David Braun, Dept. of Justice, Chicago, Ill., for plaintiff.

Robert C. Keck, James G. Hiering, Keck, Cushman, Mahin & Cate, Chicago, Ill., for defendant Schwinn Bicycle Co.

Earl E. Pollock, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant Schwinn Cycle Distributors Association.

## FINAL JUDGMENT

PERRY, Senior District Judge.

Defendant Schwinn Bicycle Company (Schwinn) filed a motion herein on October 13, 1977, seeking modifications in the Final Judgment of May 31, 1968 herein, to be consistent with *Continental T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977) (*Sylvania*), to enable Schwinn to use a revised form of Authorized Dealer Agreement, containing two vertical restraints the basis of which was litigated in this action and in the *Sylvania* case. Plaintiff, United States of America, responded by bringing before the Court the proposed form of Schwinn Authorized Dealer Agreement, and thereafter filed a motion herein on December 5, 1977, to vacate the Final Judgments heretofore entered by this Court in this cause: the Final Judgment of May 31, 1968, because, the Government says, the *Sylvania* decision of the Supreme Court destroys the foundation upon which that Final Judgment is based, and the Final Judgment of January 25, 1965, because, it says, that Final Judgment serves no purpose today in light of changes in Schwinn's distribution system which eliminated the independently-owned cycle distributors, but to vacate said Final Judgments without prejudice. Defendant Schwinn has since filed a motion herein on December 12, 1977 asking this Court, should it grant the Government's Motion to Vacate said Final Judgments, to acknowledge its having no objections to the proposed Schwinn Authorized Dealer Agreement in light of this litigation and the *Sylvania* decision, and to dismiss this action either with prejudice or involuntarily under Rule 41(b), F.R.C.P.

And this Court being fully advised in the premises, by reason of this Court's original decision of January 25, 1965 on the merits (237 F.Supp. 323), as a result of which it entered the Final Judgment of that date; the Supreme Court's decision of June 12, 1967, on the Government's appeal (388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249); this Court's Memorandum of May 31, 1968 (291 F.Supp. 567), and the Final Judgment of that date entered upon the Supreme Court's mandate (291 F.Supp. 564); this Court's Memorandum, Findings of Fact, Conclusions of Law and Decree of May 1, 1972 (1972 Trade Cases ¶ 73,969), entered upon the application of Schwinn under the retained jurisdiction paragraph (IX) of the Final Judgment of May 31, 1968; the Supreme Court's decision of June 23, 1977 in the *Sylvania* case, and the facts brought to this Court's attention by the parties and at hearings on October 21 and December 13, 1977.

It Is Hereby Ordered, Adjudged, and Decreed, as follows:

### I

■ The Government's Motion to Vacate the Final Judgment of May 31, 1968, as being without foundation in view of the Supreme Court's decision in the *Sylvania* case, is granted.

### II

■ The Government's Motion to Vacate the Final Judgment of January 25, 1965, as serving no purpose in light of Schwinn having eliminated independently-owned cycle distributors from its distribution system, is granted.

*III*

The vertical restraints in the revised Schwinn Authorized Dealer Agreement, in the form presented to this Court by Schwinn and by the Government, are reasonable restraints under the "rule of reason," and do not violate Section 1 of the Sherman Act (15 U.S.C. § 1), as indicated by the extensive record in this litigation and under the Supreme Court's decision in the *Sylvania* case.

*IV*

This action is hereby dismissed with prejudice as a final adjudication on the merits.